271 P.2d 844

In re AMERICAN BUYERS INS. CO. et al.

No. 8117.

Supreme Court of Utah.

June 17, 1954.

Mulliner, Prince & Mulliner, Rich, Elton & Mangum, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Peter M. Lowe, Salt Lake City, for respondent.

McDONOUGH, Justice.

Appellants are two domestic corporations authorized by certificates issued by the Department of Business Regulations to transact the business of mutual benefit associations. They were also authorized by the Utah Securities Commission to sell securities and their agents are licensed both as insurance agents and securities salesmen. These companies have been selling for some time insurance policies, the dividends from which are assigned in trust for the purchase of stock for the policy holders. Upon a hearing before the Insurance Commission and the Department of Business Regulation, an order was entered by the Commission directing the appellants to cease and desist within ten days, "from selling, offering or promising to give, or allowing in any manner whatsoever any shares of stock or other securities issued or at any time to be issued or any interests or rights therein in connection with or as an inducement to the purchase of any insurance or insurance type benefit."

The statute relied upon by the Commission in entering the order and by the lower court in affirming that order is U.C.A. 1953, 31–27–15, which reads:

"No insurer, general agent, agent, broker, solicitor, or other person, shall, as an inducement to the purchase of in-surance, or in connection with any insurance transaction, provide in any policy for, or offer, or sell, buy, or offer or promise to buy or give, or promise, or allow, in any manner whatsoever:

"(1) any shares of stock or other securities issued or at any time to be issued or any interest therein or rights thereto * * *."

Appellants contend that because they are mutual benefit associations, this section of the code does not apply to them because of U.C.A. 31–31–15:

"Except as provided in this chapter, every such association [Mutual Benefit Associations] shall not be subject to the other provisions of this code *unless the context clearly indicates applicability to such association."* (Emphasis added.)

It is true, as appellants argue, that fraternal benefit societies, cooperatives, mutual fire companies, fraternal benefit associations and mutual benefit associations are given certain preferential treatment under the Utah Code. In Braddock, by Smith v. Pacific Woodmen Life Ass'n, 89 Utah 75, 54 P.2d 1189, it was held that this preference extended to the construction of contracts and hence that the section providing that the statements made by the insured shall be deemed representations and not warranties does not apply to fraternal benefit societies. The case did not rule, as appellants suggest, that the organizations given special treatment in the Code were exempt from all the general insurance laws.

Chapter 27 of Title 31 of the Utah Code is entitled "Unfair or Deceptive Acts or Practices" and contains prohibitions against an insurer making false financial statements, engaging in unfair competition, writing certain types of contracts, making campaign contributions, or offering inducements to buy a policy. To further demonstrate the legislative intent in prohibiting the sale of securities in connection with the sale of insurance policies, U.C.A. 1953, 31–27–16 provides a penalty of revocation of authority or licenses "of any insurer, general agent, agent, broker, or solicitor" guilty of a violation of that provision.

In Utah Association of Life Underwriters v. Mountain States Life Insurance Co., 58 Utah 579, 200 P. 673, 677, the purpose of a similar enactment was considered:

"* * * it is manifest that the statute was enacted for the protection of the public and especially for the protection of those who are solicited to enter into life insurance contracts who may lack the experience and the opportunity to guard themselves against the wiles of the experienced life insurance solicitor. The statute should therefore be construed so as to accomplish its purpose and so as to protect those it intends to protect. If the plan that is pursued by the Company in disposing of its capital stock as outlined above is not contrary to the provisions of our statute, then we cannot conceive of any plan which merely disposed of the Company's stock in connection with the contract of insurance that would be contrary thereto. After a careful consideration of all of the evidence and especially the documentary evidence which is not and cannot be contradicted or explained, we are all agreed that the plan pursued by the Company in taking subscriptions for stock in connection with contracts of insurance is clearly violative of the provisions of our statute, and if permitted by this court would soon lead back to the very practices in writing life insurance which the statute, we think wisely, prohibits."

■ Appellants have presented in their briefs the legislative history of the various statutes involved in this case, but we must reject it as giving rise to an inference of legislative intent in view of the stronger evidence presented by the purpose and context of the section prohibiting the sale of stock in connection with the sale of insurance policies. The purpose of the statute is to protect the public; the legislature has used all inclusive, almost redundant wording, and provided a stringent penalty for its violation. Under these circumstances, we hold that the "context clearly indicates applicability to such association."

■ The fact that the Insurance Commission has allowed these companies to engage in the sale of stock with insurance policies for nearly two years might mitigate against the imposition of the penalty,

if the Commission sought to exact it, but cannot control in the interpretation of the statute.

Judgment affirmed. Costs to respondent.

CROCKETT and WADE, JJ., and LARSON and NELSON, District Judges, concur.

.HENRIOD, J., having disqualified himself, did not participate herein.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.